# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT P. STORCH; ROBERT P. STORCH; MICHAEL MISSAL; CHRISTI A. GRIMM; CARDELL K. RICHARDSON, SR.; SANDRA D. BRUCE; PHYLLIS K. FONG; LARRY D. TURNER; HANNIBAL "MIKE" WARE;<br><br>    Plaintiffs,<br><br>  v.<br><br>PETE HEGSETH, *in his official capacity as Secretary of Defense*; DOUGLAS A. COLLINS, *in his official capacity as Secretary of Veterans Affairs*; ROBERT F. KENNEDY, JR., *in his official capacity as Secretary of Health and Human Services*; MARCO RUBIO, *in his official capacity as Secretary of State*; DENISE L. CARTER, *in her official capacity as Acting Secretary of Education*; GARY WASHINGTON, *in his official capacity as Acting Secretary of Agriculture*; VINCENT MICONE, *in his official capacity as Acting Secretary of Labor*; EVERETT M. WOODEL, JR., *in his official capacity as Acting Administrator of the Small Business Administration*; DONALD J. TRUMP, *in his official capacity as President of the United States*;<br><br>    Defendants. | Civil Case No. 1:25-cv-00415-ACR |

### MOTION BY MEMBERS OF THE U.S. SENATE FOR LEAVE TO FILE MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, AS *AMICI CURIAE*

  Members of the United States Senate, by undersigned counsel, move the Court for leave to file their Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction, as *Amici Curiae* pursuant to Local Rule 7(o). Counsel for *Amici* sent an email to counsel for

Defendants on the morning of Monday, February 17, 2025, requesting consent to submission of their brief. Defendants' counsel has not yet responded by the time *Amici* deemed it necessary to file their motion in light of the briefing schedule.

As grounds for this Motion, the *Amici* state as follows:

1. *Amici curiae* are currently serving members of the United States Senate who serve on committees with jurisdiction over the agencies to which one or more of the plaintiff Inspectors General are assigned. All members of the Senate, and particularly those serving on "appropriate committees" for purposes of 5 U.S.C. § 403(b), have a statutory right to and an interest in receiving notice from the President of his reasons for removing an Inspector General prior to removal. Moreover, the Senate provided its advice and consent to appointment of each of the plaintiff Inspectors General after concluding that they met the statutory qualifications for a non-partisan position. *Amici* therefore have an interest in this litigation to enforce the notice requirement so that they can have an opportunity to consult on the removal before it occurs.

2. In the Inspector General Act of 1978 ("IGA"), Congress created certain protections for Inspectors General ("IGs"), as a tool of congressional oversight, to ensure their independence in uncovering instances of waste, fraud, and abuse in the administration of federal programs created by Congress. The duties of Inspectors General include reports to Congress.

3. Because Congress has a core constitutional interest in the functions of any IG, the law established requirements for Congress to be notified whenever a President seeks the removal of an IG. The Act, as amended in 2022, provides: "[a]n Inspector General may be removed from office by the President. If an Inspector General is removed from office or is transferred to another position or location within an establishment, the President shall communicate in writing the substantive rationale, including detailed and case-specific reasons for any such removal or

transfer to both Houses of Congress (including the appropriate congressional committees), not later than 30 days before the removal or transfer.  Nothing in this subsection shall prohibit a personnel action otherwise authorized by law, other than transfer or removal." 5 U.S.C. § 403(b).

4. Because the President removed the Plaintiff IGs in this case without following the statutory mandated procedures for congressional notice, and without giving Congress and the public the required justification for his decision, *amici* have a significant interest in this action distinct from plaintiffs' interest in reinstatement.  *Amici* have a statutory right to be notified of these removals, and to have the opportunity to consult the President in seeking clarification as to why these removals are necessary.

5. The *amici* listed below are members of the U.S. Senate, and they serve on "appropriate" Senate committees entitled to notice concerning the removal of the plaintiff Inspectors General:

Senator Charles Schumer represents New York and is the Senate Minority Leader.

Senator Richard Durbin represents Illinois.  He is a member of the Committee on the Judiciary and co-authored a January 28, 2025, letter with Senator Charles Grassley noting the President's failure to provide the required notice of reasons for the IG removals and requesting compliance.  He is also a member of the Committee on Agriculture, Nutrition and Forestry.

Senator Gary Peters represents Michigan.  He is a member of the Committee on Armed Services and Committee on Homeland Security and Governmental Affairs.  He presided over the Homeland Security and Governmental Affairs October 21, 2021, hearing on *Safeguarding Inspector General Independence and Integrity* that addressed amendments to the IGA's congressional notice requirement.

Senator Tim Kaine represents Virginia. He is a member of the Committee on Armed Services; Committee on Foreign Relations; and Committee on Health, Education, Labor and Pensions.

Senator Chris Coons represents Delaware. He is a member of the Committee on Foreign Relations; the Committee on Small Business and Entrepreneurship; as well as the Select Committee on Ethics.

Senator Michael Bennet represents Colorado. He is a member of the Committee on Agriculture, Nutrition and Forestry.

Senator Peter Welch represents Vermont. He is a member of the Committee on Agriculture, Nutrition and Forestry.

Senator Adam Schiff represents California. He is a member of the Committee on Agriculture, Nutrition and Forestry and the Committee on Small Business and Entrepreneurship.

Senator Ben Ray Lujan represents New Mexico. He is a member of the Committee on Agriculture, Nutrition and Forestry.

Senator Richard Blumenthal represents Connecticut. He is a member of the Committee on Armed Services; Committee on Veterans Affairs; and the Committee on Homeland Security and Government Affairs.

Senator Chris Van Hollen represents Maryland. He is a member of the Committee on Foreign Relations and the Committee on Banking, Housing, and Urban Affairs.

Senator Tammy Duckworth represents Illinois. She is a member of the Committee on Armed Services; Committee on Foreign Relations; and the Committee on Veterans Affairs.

Senator Maggie Hassan represents New Hampshire. She is a member of the Committee on Health, Education, Labor and Pensions; Committee on Veterans Affairs; and the Committee on Homeland Security and Government Affairs.

Senator Catherine Cortez Masto represents Nevada. She is a member of the Committee on Banking, Housing and Urban Affairs.

Senator Martin Heinrich represents New Mexico. He is a member of the Joint Economic Committee.

Senator Brian Schatz represents Hawai'i. He is a member of the Committee on Foreign Relations.

Senator Jean Shaheen represents New Hampshire. She is a member of the Committee on Armed Services; Committee on Foreign Relations; and Committee of Small Business and Entrepreneurship.

Senator Sheldon Whitehouse represents Rhode Island. He is a member of the Committee on the Judiciary.

Senator Ruben Gallego represents Arizona. He is a member of the Committee on Homeland Security and Governmental Affairs; Committee on Banking, Housing and Urban Affairs; and Committee on Veterans' Affairs.

Senator Elissa Slotkin represents Michigan. She is a member of the Committee on Homeland Security and Governmental Affairs; Committee on Armed Services; Committee on Agriculture, Nutrition and Forestry; and Committee on Veterans' Affairs.

Elizabeth Warren represents Massachusetts. She is a member of the Committee on Armed Services and Committee on Banking, Housing and Urban Affairs.

Kirsten E. Gillibrand represents New York. She is a member of the Committee on Armed Services.

Senator Mark Kelly represents Arizona. He is a member of the Committee on Armed Services.

Senator Mazie Hirono represents Hawai'i. She is a member of the Committee on Armed Services; Committee on Small Business and Entrepreneurship; and Committee on Veterans' Affairs.

Senator Amy Klobuchar represents Minnesota. She is a member of the Committee on Agriculture, Nutrition and Forestry and the Joint Economic Committee.

Senator Maria Cantwell represents Washington. She is a member of the Committee on Small Business and Entrepreneurship.

Senator Jack Reed represents Rhode Island. He is a member of the Committee on Armed Services and Committee on Banking, Housing and Urban Affairs.

Senator Cory Booker represents New Jersey. He is a member of the Committee on Foreign Relations; Committee on Agriculture, Nutrition and Forestry; and Committee on Small Business and Entrepreneurship.

Senator Jacky Rosen represents Nevada. She is a member of the Committee on Armed Services; Committee on Foreign Relations; and Committee on Small Business and Entrepreneurship.

6.     An amicus brief should normally be allowed "when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the

lawyers for the parties are able to provide." *Jin v. Ministry of State Security*, 557 F. Supp.2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).  Courts in this district have typically granted members of Congress leave to file briefs as *amici curiae*.  *See, e.g.*, *Tribe, et al. v. Trump, et al.*, No. 17-cv-2590 (TSC), 2019 WL 2494161, at *4 (Mar. 20, 2019) (granting members of Congress leave to file as *amici curiae* because their proposed submission specifically addressed the limited issue in the case); *see also Securities Industries and Financial Markets Assoc. v. U.S. Commodities Futures and Trading Comm'n*, 67 F. Supp. 3d 373, 398 (D.D.C. 2014); *Mashpee Wampanoag Tribe v. Bernhardt*, No. 18–2242 (PLF), 2020 WL 3034854, at *4 (June 5, 2020).

**WHEREFORE,** *Amici* request leave of Court to file their Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction.

February 18, 2025                                                           Respectfully submitted,

/s/ William W. Taylor, III
William W. Taylor, III (D.C. Bar No. 84194)*
Aitan Goelman (D.C. Bar No. 446636)
David Reiser (D.C. Bar No. 367177)*
Tyler Swafford (D.C. Bar No. 1779639)
**ZUCKERMAN SPAEDER LLP**
1800 M St. NW, Suite 1000
Washington, D.C. 20036
(202) 778-1810
wtaylor@zuckerman.com
agoelman@zuckerman.com
dreiser@zuckerman.com
tswafford@zuckerman.com

*Attorneys for Amici Curiae*

*\* Renewal pending*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

February 18, 2025

                                        /s/ Tyler Swafford
                                        Tyler Swafford