IN THE UNITED STATES DISTRICT COURT
OR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT P. STORCH; MICHAEL J. MISSAL; CHRISTI A. GRIMM; CARDELL K. RICHARDSON, SR.; SANDRA D. BRUCE; PHYLLIS K. FONG; LARRY D. TURNER; HANNIBAL "MIKE" WARE;<br><br>                    Plaintiffs,<br><br>        v.<br><br>PETE HEGSETH, *in his official capacity as Secretary of Defense*; DOUGLAS A. COLLINS, *in his official capacity as Secretary of Veterans Affairs*; ROBERT F. KENNEDY, JR., *in his official capacity as Secretary of Health and Human Services*; MARCO RUBIO, *in his official capacity as Secretary of State*; LINDA MCMAHON, *in her official capacity as Secretary of Education*; BROOKE ROLLINS, *in her official capacity as Secretary of Agriculture*; VINCENT MICONE, *in his official capacity as Acting Secretary of Labor*; KELLY LOEFFLER, *in her official capacity as Administrator of the Small Business Administration*; DONALD J. TRUMP, *in his official capacity as President of the United States*;<br><br>                    Defendants. | Civil Case No. 1:25-cv-00415-ACR<br><br>**RESPONSE TO MARCH 6 ORDER** |

The parties to this case jointly submit that the March 11 hearing should go forward as scheduled and that it should be a hearing on the merits of plaintiffs' claims, per Federal Rule of Civil Procedure 65(a)(2), because no material facts are in dispute.

The balance of this filing is (1) plaintiffs' response to the directive to address irreparable harm and the public interest, which are relevant for a merits hearing (and the propriety of proceeding with the March 11 hearing), as they bear on plaintiffs' request for a permanent injunction, and (2) defendants' brief statement on those issues.

Plaintiffs' statement:  Plaintiffs' irreparable harm continues to have the two components identified in their briefing and recognized by multiple courts in this Circuit: the denial of plaintiffs'

1

statutory right to lead independent oversight in the roles to which they were lawfully appointed, and reputational damage, including from disparaging public statements made by top administration officials.

That harm is not mitigated by the possibility that plaintiffs could be removed lawfully in 30 days if done consistent with the statutory requirements. (Likewise, those possibilities do not lessen the public interest both in having plaintiffs continue to serve and in having officials comply with the law.) Those statutory requirements matter because, by design, they could affect the outcome. They could deter a President from even attempting a particular removal. And if they don't, then they allow Congress to try to prevent the proposed removal if it wishes, whether through efforts to persuade the President directly, through bringing public pressure to bear, or otherwise. History shows that such efforts can succeed. Compl. ¶60. In any event, Congress created the statutory structure to protect IGs's vital role as non-partisan watchdogs against improper political manipulation, without unduly constraining the President's removal authority. To allow any President to ignore that structure deprives IGs of that protection, undermining the independence critical to IGs' functioning.

Finally, the Court's March 6 order also referred to the possibility of plaintiffs lawfully being placed on non-duty status immediately, i.e., without 30-days' (or any advance) notice. Under the statute, no such placement may occur unless the President determines that an IG's continued presence poses a threat to the workplace. There has been no suggestion—and none could be credibly made given plaintiffs' long and distinguished service—that such a determination could properly be made as to any plaintiff, let alone all of them.

Defendants' statement: Even if the Court consolidates the preliminary injunction hearing with the merits, in order to obtain a permanent injunction, Plaintiffs still must show irreparable

harm and that the balance of equities favors them.  *See Anatol Zukerman & Charles Krause Reporting, LLC v. U.S. Postal Serv.*, 64 F.4th 1354, 1364 (D.C. Cir. 2023).  As explained in greater detail in Defendants' briefing, Plaintiffs cannot make these showings.  *See* ECF No. 30, at 9-14 (irreparable harm); *id.* at 24 (balance of the equities).  Loss of employment generally does not qualify as an irreparable harm, absent a "genuinely extraordinary situation."  *Sampson v. Murray*, 415 U.S. 61, 92 & n.68 (1974).  This case clearly falls short of that threshold, "given that, if reinstated, [Plaintiffs] might serve only 30 days and while on administrative leave."  Minute Order (Mar. 6, 2025).[1]  Furthermore, the public interest is served by having these executive officer positions filled by individuals who have the confidence of the democratically elected President, not the upheaval that would result if the Court reinstated these former Inspectors General, with the potential for them to be removed again in short order.

Respectfully submitted,

| | |
|---|---|
| */s/ Jeremy Samuel Bloch Newman* | */s/ Seth P. Waxman* |
| Jeremy Samuel Bloch Newman | Seth P. Waxman |
| *Counsel for defendants* | *Counsel for plaintiffs* |

---

[1] As Plaintiffs concede, they may be placed on administrative leave if the President determines that their continued presence on duty poses a threat.  One circumstance justifying such a determination is if the person's continued presence on duty "otherwise jeopardize[s] legitimate Government interests."  5 U.S.C. § 6329b(b)(2)(A)(iv).