**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT P. STORCH, *et al.*,
                                    Plaintiffs,

v.                                                                    Civil Case No. 1:25-cv-00415-ACR

PETE HEGSETH, *in his official capacity as
Secretary of Defense*, *et al.*,
                                    Defendants.

**PLAINTIFFS' PRE-MOTION NOTICE**

Per this Court's July 20 order in this case, plaintiffs submit this pre-motion notice. Plaintiffs intend to move for summary judgment on their claims that defendants acted unlawfully by purporting to terminate plaintiffs from their Senate-confirmed positions as Inspectors General without adhering to the requirements of the Inspector General Act ("IGA"), 5 U.S.C. §403(b), and by effectuating plaintiffs' improper removal.

Summary judgment is appropriate because there are no genuine disputes of material fact and plaintiffs are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The material facts relevant to liability are undisputed: President Trump purported to remove plaintiffs without first giving Congress the advance notice and case-specific reasons the IGA requires, and the agency defendants then effectuated those removals. Indeed, this Court has already recognized that plaintiffs' removals violated the IGA. The Court deemed it "obvious" that plaintiffs' "terminations violated the IGA," and plaintiffs are "certain" to succeed on that issue. Op.3, 11-12 (Dkt.54, Sept. 24, 2025). No defendant even disputes that the president "did not first notify Congress" or "provide any rationale, much less a substantive one containing detailed and case-specific reasons" when he fired plaintiffs, as required by the IGA. *Id.* at 3. The Court concluded that injunctive relief was not warranted because plaintiffs had not shown irreparable harm. *Id.* at

1

19.  With that issue preserved for appeal, plaintiffs will move for summary judgment on their

claims for violation of the IGA against all agency defendants and for *ultra vires* government

action and mandamus against all defendants, *see* Compl. ¶¶87-100 (Dkt.1), seeking a declaratory

judgment that their terminations were unlawful, backpay, and all other relief the Court deems

necessary to remedy the unlawful terminations, *see id.* at 31-32.

Plaintiffs therefore request that the Court set a briefing schedule for plaintiffs' summary

judgment motion.

August 3, 2026                                    Respectfully submitted,

                                                 /s/ Seth P. Waxman

Nicholas Werle*                                  Seth P. Waxman
WILMER CUTLER PICKERING                          Daniel Volchok
    HALE AND DORR LLP                            Jamie Yood
7 World Trade Center                             Ann E. Himes
250 Greenwich Street                             WILMER CUTLER PICKERING
New York, New York 10007                             HALE AND DORR LLP
(212) 230-8800                                   2100 Pennsylvania Avenue N.W.
nick.werle@wilmerhale.com                        Washington, D.C. 20037
                                                 (202) 663-6000
* *Pro hac vice granted*                         seth.waxman@wilmerhale.com
                                                 daniel.volchok@wilmerhale.com
                                                 jamie.yood@wilmerhale.com
                                                 annie.himes@wilmerhale.com

                                                 *Counsel for Plaintiffs*