**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ROBERT P. STORCH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-415 (ACR) |
| | ) | |
| PETE HEGSETH, in his official capacity | ) | |
| as Secretary of War, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PRE-MOTION NOTICE**

Pursuant to this Court's order, Minute Order (July 20, 2026), Defendants hereby respond to Plaintiffs' Pre-Motion Notice, ECF No. 60. Defendants agree with Plaintiffs that this case presents predominantly legal, rather than factual, disputes. Therefore, the case can be resolved on cross-motions for summary judgment. In Defendants' Notice of Anticipated Motion for Summary Judgment, ECF No. 59 ("Defs.' Notice"), Defendants summarized the reasons why they are entitled to summary judgment. For those same reasons, the Court should deny Plaintiffs' anticipated Motion for Summary Judgment.

Plaintiffs' notice oversimplifies the Court's earlier Memorandum Opinion, ECF No. 54, and omits critical context. The Court expressly declined to address the merits of Plaintiffs' claims, stating instead that it "addresses only the non-merits factors of the permanent injunction." *Id.* at 13. It is true, as Plaintiffs point out, that the Court noted that the President violated the provision of the Inspector General Act requiring notice to Congress of removals of Inspectors General. *Id.* at 11. Indeed, Defendants have never disputed that the President did not provide such notice. But the Court noted substantial doubt on the "constitutional question" of whether "Congress ha[s] the right to limit the President's power to remove IGs[.]" *Id.* at 12. The Court deemed this "a close call under the best of circumstances," before noting that several recent D.C. Circuit and Supreme Court decisions "imply that" precedents purportedly allowing Congress to limit the President's power to remove officers "are on thin—and rapidly melting—ice." *Id.* The Court then *sua sponte* stayed this case for nine months to await the Supreme Court's decision in *Trump v. Slaughter*, "which may bear on the issues presented here." *Id.* at 19.

Plaintiffs conspicuously omit discussion of the constitutional issue from their Pre-Motion Notice. Yet as Defendants explained, Defs.' Notice at 2-4, it is now clear that the President must, under Article II, have unfettered authority to remove Inspectors General. *See Trump v. Slaughter*,

146 S. Ct. 2283, 2293 (2026) ("[Article II's Vesting Clause] establish[ed] a hierarchy—a Chief Magistrate with whom the buck stops, and below him various assistants or deputies who derive their offices from his appointment and remain subject to his superintendence.  To remain accountable to the President, those officers must be removable by the President.") (citation omitted).

Furthermore, this Court's earlier Memorandum Opinion did not consider whether the Administrative Procedure Act (APA) provides a basis for Inspectors General to challenge their removal *by the President*, who is not an agency under the APA.  *See Franklin v. Massachusetts*, 505 U.S. 788, 800-01 (1992).  Nor did this Court consider whether Plaintiffs can complete the "Hail Mary pass" of an *ultra vires* claim, *NRC v. Texas*, 605 U.S. 665, 681 (citations omitted), or satisfy the standard for mandamus relief requiring (among other things) a "clear and indisputable right to relief and clear duty to act," which is one of the most "exacting" standards known to law, *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023) (quotations omitted).  Defendants did not highlight these issues during expedited briefing on Plaintiffs' preliminary injunction motion, but the Court will have occasion to consider them when it addresses the final merits of Plaintiffs' claims.  *See* Defs.' Notice 1-2.

Dated:  August 10, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Director, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*

3