**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT P. STORCH, *et al.*,<br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PETE HEGSETH, *in his official capacity as*<br>*Secretary of Defense*, *et al.*,<br>　　　　　　　　　　Defendants. | Civil Case No. 1:25-cv-00415-ACR |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PRE-MOTION NOTICE**

All parties agree that cross-motions for summary judgment are the appropriate next step for resolving this case; plaintiffs respectfully request that this Court set a briefing schedule for such motions.

Plaintiffs dispute each of defendants' anticipated bases for summary judgment:

1. Plaintiffs' Administrative Procedure Act claim (count I) against all agency defendants may proceed to—and will succeed on—the merits because agency defendants, acting directly and through their employees, effectuated plaintiffs' removals in violation of the Inspector General Act ("IGA"), 5 U.S.C. §403(b). Compl. ¶¶89-90 (Dkt.1, Feb. 12, 2025). It is of no moment that the president "is not an agency" because plaintiffs seek review of "agency action." 5 U.S.C. §702.

2. Plaintiffs' claims for *ultra vires* government action (count II) and mandamus (count III) will also succeed because plaintiffs' removals violated a clear statutory command and plaintiffs lack an adequate alternative remedy. Defendants' contrary arguments fail.

First, this Court has already deemed it "certain… that Plaintiffs will succeed" on the "obvious" issue of whether plaintiffs' removal violated the IGA, adding that it had "no

1

difficulty" rejecting the government's arguments "that the removals complied with the text of §403(b)." Op.3, 11-12 (Dkt.54, Sept. 24, 2025).

Second, the IGA's notice-and-reasons requirement is constitutional. It does not impose a for-cause removal restriction, and *Trump v. Slaughter*, 2026 WL 1855612 (U.S. June 29, 2026), does not resolve the questions presented with respect to the unique statutory role played by IGs.

Third, plaintiffs' remaining requested relief is appropriate, including because the government has waived sovereign immunity as to back pay. Indeed, this Court has already stated that plaintiffs "can recover back pay and benefits"—and denied injunctive relief in part because it found that such damages were available. Op.17.

Defendants' notice confirms that the issues are legal and ready to be resolved promptly on a complete summary-judgment record, including full briefing.

August 10, 2026

Nicholas Werle*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
nick.werle@wilmerhale.com
* *Pro hac vice*

Respectfully submitted,

*/s/ Seth P. Waxman*

Seth P. Waxman
Daniel Volchok
Jamie Yood
Ann E. Himes
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
(202) 663-6000
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com
jamie.yood@wilmerhale.com
annie.himes@wilmerhale.com

2